By the Court.
At the trial in the court of common pleas, the defendant offered testimony tending to show that, on May 21, 1874, James M. Barnes, the defendant in error, and his wife Arminda H. Barnes, in consideration of an assignment to them by A. E. Canfield of an alleged interest *238 in a certain patent right, made and delivered to the assignor their promissory note for $750 with the words “given for a patent right” written thereon as required by the statute: that immediately after the execution of the note, on the same day, at the same place, and as part of the same transaction, the note was surrendered to the makers thereof, and two new notes in lieu thereof for $600, in the aggregate, were made by the above named James M. Barnes and Arminda H. Barnes to the same payee, A. F. Canfield, without the words “ given for a patent right ” written thereon, the payee allowing a discount of one hundred dollars from the note for $750, and the makers thereof agreeing to pay the fifty dollars balance in cash. The original action was founded on one of the two new notes thus given — the same having been indorsed in blank by the payee, and sold and delivered to William Delong, the plaintiff in error, before due. In the court of common pleas, the plaintiff requested the court to charge the jury as follows:
“ If the jury find from the evidence that the consideration of the note was the sale of an interest in a patent right, and that there was first given in payment for said interest a note for $750, having thereon written, as required by the statute the words “given for a patent right,” and the same was discounted by the payee for notes amounting to $600, of which the note in suit was one written in the usual form of commercial paper, and negotiable, but without the words “ given for a patent right ” thereon written, such note in suit is not a patent right note within the meaning of the statute.” Which request the court refused to give in charge to the jury, to which refusal the plaintiff excepted.
Held: 1. The court did not err in refusing to charge the jury as thus requested.
2. The note sued on was, within the meaning of section 3178 of the Revised Statutes, “ A promissory note or other negotiable instrument, the consideration of which consists, in whole or in part, of the right to make, use, or vend a patent invention, or an invention claimed to be patented.”
3. A charge to the jury that the plaintiff “ must have had notice or information of such facts as amounted to him, under *239 tbe circumstances surrounding bim at tbe time, to substantial and real knowledge tbat tbe note was given for a patent right, or be is not chargeable with knowledge,” is a sufficient designation of tbe knowledge implied in the provision of section 3178 of tbe Revised Statutes, tbat “any person,who purchases or becomes tbe bolder of a promissory note or other negotiable instrument, hnoioing it to have been given for tbe consideration aforesaid, shall bold tbe same subject to such defenses, although tbe words 1 given for a patent right ’ are not written or printed upon its face.”

Judgment affirmed.